**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

DONNA ROBEL as Administrator
ad Prosequendum of THE ESTATE
OF GRACE EWING, deceased,          CIVIL NO. 12-0716(NLH)(JS)

    Plaintiff,
     v.
                      **OPINION**

JOHN D'EMILIA, et al.,

    Defendants.

<u>Appearances</u>

JENNIFER EMMONS TROAST
LOCKS LAW FIRM
457 HADDONFIELD ROAD
SUITE 500
CHERRY HILL, NJ 08002
*Attorney for Plaintiff*

PAUL J. FISHMAN, UNITED STATES ATTORNEY
DANIEL SHAY KIRSCHBAUM, ASST. U.S. ATTORNEY
OFFICE OF THE U.S. ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102
*Attorney for defendant United States, substituted for defendant*
*Kevin Jensen, D.O.*

**<u>HILLMAN</u>**, <u>District Judge</u>

      This matter comes before the Court by motion of the

Defendant United States to dismiss pursuant to Federal Rule of

Procedure 12(b)(1) for plaintiff's failure to exhaust

administrative remedies under 28 U.S.C. § 2675. Plaintiff does not

oppose defendant's motion and does not dispute that she has not

exhausted her administrative remedies as required. Accordingly,

this Court cannot exercise subject matter jurisdiction and

defendant's motion to dismiss will be granted.  Plaintiffs' request
to remand the state law claims to the Superior Court of New Jersey
also will be granted.

>    **I.   <u>BACKGROUND</u>**

>    According to Plaintiff's complaint, Plaintiff's decedent,
Grace Ewing, was admitted to the Kennedy Memorial Hospital
("Kennedy") in December of 2009 for suspected colon cancer.
Defendant John D'Emilia, M.D., was responsible for both operating
on Ewing and managing her care post-operatively.  D'Emilia was
aided by several staff at Kennedy in this post-operative care,
including Defendants Kevin Jensen, D.O., Amanda Valvano, D.O., and
Devin Flaherty, D.O. (<u>Id.</u> at ¶ 19, 26, 33).  Plaintiff alleges that
Defendants failed to order several necessary diagnostic tests,
which led to a worsening of Ewing's condition, and eventually Ewing
went into cardiopulmonary arrest resulting in hypoxic/anoxic
encephalopathy which ultimately caused her death on December 28,
2009.

>    Donna Robel, as Administrator *ad Prosequendum* of the
estate of Grace Ewing, filed a medical malpractice action in the
Superior Court of New Jersey on December 2, 2011.  On February 6,
2012, Defendant Dr. Kevin Jensen removed this action to the
district court for the District of New Jersey claiming that "at all
times relevant, [Jensen] was on active duty with the United States
Air Force . . . in a five-year surgical residency training program

at the University of Medicine and Dentistry of New Jersey."  On February 8, 2012, the United States filed a motion substituting itself as a Defendant in lieu of Defendant Dr. Kevin Jensen, which motion was granted.[1]  On the same day, the United States also filed a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1). Specifically, the United States argues that the Plaintiffs have failed to exhaust their administrative remedies under the Federal Tort Claims Act (FCTA).

Plaintiff did not formally respond to the motion to dismiss, but in a letter to the Court indicated that she would "not be opposing Defendant Jensen's motion to dismiss for failure to exhaust administrative remedies."  Rather, Plaintiffs asked this Court to remand this case back to state court given that all defendants except Jensen were properly served and answered in state court.

## II. <u>JURISDICTION</u>

This Court exercises jurisdiction on grounds that the United States is a defendant and that the federal district courts "have exclusive jurisdiction of civil actions on claims against the

---

[1]28 U.S.C. 2679 (d)(1) provides in relevant part, that "upon certification by the Attorney General that the defendant was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679 (d)(1) (West 2012). Furthermore, "this certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679 (d)(2)(West 2012).

United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1).

### III. DISCUSSION

### A. Standard for 12(b)(1) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Facial attacks contest the sufficiency of the pleadings, and in reviewing such attacks, the Court accepts the allegations as true. Common Cause of Pa v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009). Factual attacks, on the other hand, require the Court to weigh the evidence at its discretion, meaning that allegations have no presumptive truthfulness. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

Although the facts are not in dispute, the Court characterizes Defendant's motion as a factual attack since the Court is required to review evidence outside the pleadings. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506 (3d

4

Cir. 2007).

### B.  Federal Tort Claim Act

It is generally well-accepted that the United States is immune from suit unless that immunity is waived by Congress.  U.S. v. Sherwood, 312 U.S. 584, 585, 61 S.Ct. 767, 769 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.") (citations omitted).  Absent such a waiver, though, federal courts lack subject matter jurisdiction over claims against the federal government.  U.S. v. Mitchell, 445 U.S. 535, 538 (1980).  The Federal Tort Claims Act ("FTCA") creates such a limited waiver and confers federal jurisdiction "in a defined category of cases involving negligence committed by federal employees in the course of their employment."  Dolan v. U.S. Postal Service, 546 U.S. 481, 484 (2006) (referencing 28 U.S.C. § 1346(b)(1)).

Before this remedy is available, however, an individual must file his or her tort claim with the appropriate federal agency.  See 28 U.S.C. § 2675(a).  Only after the federal agency denies or fails to resolve the claim within six months may the individual file an action in the District Court.  Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009).  The six month period is a procedural requirement that is strictly construed.  See White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).  Furthermore, an agency's final denial of a

tort claim is a jurisdictional requirement that cannot be waived. Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009).

Here, there is no dispute that defendant Kevin Jensen, at all relevant times, was on active duty with the United States Air Force ("USAF") and enrolled in a five-year surgical residency program pursuant to an agreement between University of Medicine and Dentistry of New Jersey ("UMDNJ") and the USAF.[2] Plaintiff has not presented any facts disputing defendant's statement that Dr. Jensen was a federal employee acting within the scope of his employment and thus covered under the FTCA. As such, Plaintiff was required to file an administrative tort claim prior to filing suit against the United States in federal court. As stated in the declaration of Ferah Ozbek, Colonel for the USAF, a search of the Armed Forces Claims Information Management System (AFCIMS), indicates that a tort claim was never filed by the Plaintiff. Plaintiff does not dispute Ozbek's averments. Moreover, Plaintiff has not alleged any facts indicating that she has presented any claim to the appropriate federal agency. Rather, Plaintiff notes that she had "no basis to know that Dr. Jensen had some concurrent active military status" and so did not file a claim under the FTCA.

Therefore, Plaintiff has failed to satisfy the jurisdictional prerequisite to initiating an act under the FTCA,

---

[2] It appears that Jensen was enrolled in a fellowship/residency training at the UMDNJ and that the UMDNJ placed Jensen at Kennedy for his residency training.

thereby divesting this Court of subject matter jurisdiction over the federal defendant.  Accordingly, the action will be dismissed without prejudice against the United States.  Since federal jurisdiction was predicted upon the United States being a defendant, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)[3] over the remaining state law claims, and therefore, will remand the case to the Superior Court of New Jersey.[4]

## IV.   CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss for lack of subject matter jurisdiction will be granted and the Plaintiff's request to remand the remaining state law claims will be granted.

|                          |                           |
|--------------------------|---------------------------|
|                          | s/Noel L. Hillman         |
| At Camden, New Jersey    | NOEL L. HILLMAN, U.S.D.J. |

Date: July 26, 2012

---

[3]      28 U.S.C. § 1367(c)(3) states that the "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."

[4]      The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), amended 28 U.S.C. § 1441(c), now requires that a district court remand unrelated state law matters that were removed along with federal claims.  See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").